**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

American Chemistry Council, Inc.,

Plaintiff,

v.

National Academy of Sciences, et al.

Defendants.

Civil Action No. 23-cv-2113-JDB

**DEFENDANT NATIONAL ACADEMY OF SCIENCES'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

## TABLE OF CONTENTS

**Page(s)**

INTRODUCTION ........ 1

ARGUMENT ........ 2

I. Because the Mandamus Act's jurisdictional requirements are not met, ACC's claims must be dismissed. ........ 2

A. The Mandamus Act is ACC's sole alleged source of jurisdiction over the Academy. ........ 3

B. The Mandamus Act confers jurisdiction only over federal officers, employees, and agencies. ........ 3

C. Because the Academy is not a federal officer, employee, or agency, the Mandamus Act does not confer jurisdiction here. ........ 4

II. ACC's arguments cannot expand jurisdiction under the Mandamus Act. ........ 5

A. Because the Academy's committee is not a federal advisory committee, *NAACP* does not apply. ........ 5

B. The idea that the Academy is a "quasi-public" entity has nothing to do with the Mandamus Act. ........ 8

C. Dismissing ACC's claims against the Academy does not leave ACC without a potential remedy. ........ 9

III. ACC's motion for an injunction should be denied. ........ 11

CONCLUSION ........ 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexander v. Sandoval*,
532 U.S. 275 (2001) ... 9, 10

*Animal Legal Def. Fund v. Shalala*,
104 F.3d 424 (D.C. Cir. 1997) ... 8

*In re Cheney*,
406 F.3d 723 (D.C. Cir. 2005) ... 3, 4

*Dunlap v. Presidential Advisory Comm. On Election Integrity*,
464 F. Supp. 3d 247 (D.D.C. 2020) ... 3

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
545 U.S. 546 (2005) ... 2

*González-Vera v. Townley*,
83 F. Supp. 3d 306 (D.D.C. 2015) ... 1, 2

*NAACP Legal Defense and Educational Fund v. Barr*,
496 F. Supp. 3d 116 (D.D.C. 2020) ... 5, 6, 7

*Peoples v. U.S. Dep't of Agric.*,
427 F.2d 561 (D.C. Cir. 1970) ... 4

*Pub. Citizen v. U.S. Dep't of Justice*,
491 U.S. 440 (1989) ... 8

*Stafford v. Briggs*,
444 U.S. 527 (1980) ... 3, 4

*Syngenta Crop Protection, Inc. v. Drexel Chem. Co.*,
655 F. Supp. 2d 54 (D.D.C. 2009) ... 2, 4

**Statutes**

5 U.S.C. § 704 .................... 10

5 U.S.C. § 1001(2)(B)(ii) .................... 1, 7

5 U.S.C. § 1007(b) .................... 6

5 U.S.C. § 1008(c)(1) .................... 6

5 U.S.C. § 1009 .................... 6

5 U.S.C. § 1014(a) .................... 11

5 U.S.C. § 1014(a)(1) .................... 7

5 U.S.C. § 1014(b) .................... 11

28 U.S.C. § 1361 .................... 1, 2, 3, 4, 5

28 U.S.C. § 1391 .................... 3

Pub. L. 87-748 (Oct. 5, 1962) .................... 2

Pub. L. 105-153 § 2 (Dec. 17, 1997) .................... 9

**Other Authorities**

41 C.F.R. § 102-3.40(a) .................... 7

41 C.F.R. § 102-3.185(c) .................... 11

*"Nonstatutory" Judicial Review of Federal Administrative Action*, 81 Harv. L. Rev. 308 (Dec. 1967) .................... 3

## INTRODUCTION

The Mandamus Act confers "original jurisdiction" over "an officer or employee of the United States or any agency thereof." 28 U.S.C. § 1361. But no one would know that from reading the American Chemistry Council's response brief because ACC never uses the language of the Act on which its sole claim of jurisdiction rests. Instead, ACC sidesteps the plain meaning of the Mandamus Act's jurisdictional language. But it cannot avoid that it is asking the Court to use the Mandamus Act against the National Academy of Sciences, which ACC admits is a "private, nongovernmental institution," ECF 15, Am. Compl. ¶ 30.

The Academy moved to dismiss the Mandamus Act claims against it because the Act confers jurisdiction only over federal officers, employees, and agencies, not private parties. In support, the Academy cited two cases from this Court—both of which ACC ignores—that reached the same conclusion: The Mandamus Act "does not apply to private citizens." *González-Vera v. Townley*, 83 F. Supp. 3d 306, 314 (D.D.C. 2015).

ACC finds this conclusion "extreme." It points to a case in which mandamus relief issued against a federal advisory committee. But the Academy's committees are not federal advisory committees. 5 U.S.C. § 1001(2)(B)(ii). That a court would use the Mandamus Act against a federal advisory committee and its federal overseers does not mean that it can be used against the Academy's private, nongovernmental committee. Nor does the lack of a remedy against the Academy leave ACC remediless—it just has to wait until EPA acts. This case, meanwhile, should be dismissed.

## ARGUMENT

Courts "must not give jurisdictional statutes a more expansive interpretation than their text warrants," nor "adopt a construction that is narrower than what the text provides." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005). And while ACC does not talk about it, the Mandamus Act's plain text confers jurisdiction only over federal officers, employees, and agencies. 28 U.S.C. § 1361. Because neither the Academy nor any of its committee members fit into those categories, the Mandamus Act does not confer jurisdiction here.

### I. Because the Mandamus Act's jurisdictional requirements are not met, ACC's claims must be dismissed.

The Mandamus Act has been a regular source of federal court jurisdiction since its passage more than 60 years ago. *See* Pub. L. 87-748 (Oct. 5, 1962). In all that time, ACC has found no case in which the Act was used against a private person or entity. Nor does it offer any response to the two cases cited by the Academy that reject using the Act against private entities. *See Syngenta Crop Protection, Inc. v. Drexel Chem. Co.*, 655 F. Supp. 2d 54 (D.D.C. 2009); *González-Vera v. Townley*, 83 F. Supp. 3d 306 (D.D.C. 2015). Still, ACC asks the Court to assert Mandamus Act jurisdiction over the Academy, a "private, nongovernmental institution," Am. Compl. ¶ 30. The Court should not accept this novel, potentially boundless expansion of its jurisdiction.

### A. The Mandamus Act is ACC's sole alleged source of jurisdiction over the Academy.

ACC's response brief confirms that the Mandamus Act is its "only avenue" to relief against the Academy. ECF 24, ACC Resp. at 39; *see* Am. Compl. at 46–53. On this point, ACC and the Academy agree. The source of their agreement is the absence of a private cause of action within the Federal Advisory Committee Act, the statute that ACC claims the Academy has violated. ACC Resp. at 39 ("FACA does not provide a private cause of action."); *see Dunlap v. Presidential Advisory Comm. On Election Integrity*, 464 F. Supp. 3d 247, 265 (D.D.C. 2020) (citing cases). Since ACC cannot sue the Academy under FACA, it reasons that the Mandamus Act must be "the proper avenue" for its claims. ACC Resp. at 39. But that logic, under scrutiny, collapses.

### B. The Mandamus Act confers jurisdiction only over federal officers, employees, and agencies.

The Mandamus Act is not a catch-all jurisdictional statute that rescues plaintiffs who are out of other options. The Act's purpose, instead, is to allow relief formerly available by writ of mandamus, "such as a mandatory injunction ordering a government employee or agency to perform a duty owed to the plaintiff." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005); *see* Byse, C. & Fiocca, J., *Section 1361 of the Mandamus & Venue Act of 1962 and "Nonstatutory" Judicial Review of Federal Administrative Action*, 81 Harv. L. Rev. 308, 310–18 (Dec. 1967) (discussing the Act's history). The Supreme Court recognized this purpose when it addressed the Act's venue provisions, codified in 28 U.S.C. § 1391. *See Stafford v. Briggs*, 444 U.S. 527, 535–43 (1980). Both sections 1361 and 1391, the Court explained, were limited to actions "against a

federal official or agency who is at that time acting—or failing to act—in an official or apparently official way." *Id.* at 536. This explanation also fits with the law as it was before the Mandamus Act, when this Court could "issu[e] mandamus against a government official" residing in the District of Columbia. *Peoples v. U.S. Dep't of Agric.*, 427 F.2d 561, 564–65 (D.C. Cir. 1970).[1]

This history underscores that the text of the Mandamus Act is no accident. Section 1361 confers jurisdiction over actions "in the nature of mandamus" only against a federal "officer," "employee," or "agency" because mandamus is inherently an action to enforce official government duties. *See Peoples*, 427 F.2d at 564–65; *In re Cheney*, 406 F.3d at 728–29. Thus, in *Syngenta*, this Court found that the Mandamus Act "does not confer subject matter jurisdiction" when the plaintiff "does not seek to compel 'an officer or employee of the United States or any agency thereof,'" but instead sues "private, not federal, entities." 655 F. Supp. 2d at 62 (quoting 28 U.S.C. § 1361). Mandamus against a private entity like the Academy is simply not contemplated by the Act.

### C. Because the Academy is not a federal officer, employee, or agency, the Mandamus Act does not confer jurisdiction here.

Again, ACC's complaint admits that the Academy is a "private, nongovernmental institution," not a federal officer, employee, or agency. Am. Compl. ¶ 30. And the members of the Academy's committee—none of whom are named as defendants—are not government officials or employees either. ECF 19-2, Decl. of Gregory H. Symmes ¶ 21 & Ex. B. Thus, relief "in the nature of mandamus"

[1] Because the original act had provisions addressing mandamus and venue, it is sometimes called the Mandamus and Venue Act. The Academy refers to 28 U.S.C. § 1361—which addresses only mandamus—as the Mandamus Act.

under 28 U.S.C. § 1361 is not available against the Academy. As that is the only source of federal jurisdiction ACC alleges, its claims against the Academy must be dismissed.

## II. ACC's arguments cannot expand jurisdiction under the Mandamus Act.

Rather than addressing the text of the Mandamus Act, ACC focuses on the consequences of dismissal. If it cannot sue under the Mandamus Act, ACC says, FACA Section 15 would become "an empty mandate." ACC Resp. at 1. So ACC reasons that there must be some way to sue the Academy. But a review of ACC's reverse-engineered arguments shows that its cases cannot bear the weight that ACC puts on them.

### A. Because the Academy's committee is not a federal advisory committee, *NAACP* does not apply.

ACC's lead argument is that the Court in *NAACP Legal Defense and Educational Fund v. Barr* "had no problem exercising its mandamus authority" against an advisory committee that included "non-federal employees or officers." ACC Resp. at 38. And it is true that the Court found mandamus was "the appropriate vehicle" for relief "against non-agency defendants" in that case. *NAACP*, 496 F. Supp. 3d 116, 145 (D.D.C. 2020) (Bates, J.). Those non-agency defendants, however, were unlike the Academy in key respects.

The non-agency defendants in *NAACP* were: (1) Phil Keith, a Justice Department official serving as Chair of the Presidential Commission on Law Enforcement and the Administration of Justice; (2) Katharine Sullivan, a Justice Department official serving as Vice-Chair of the Commission; and (3) the

Commission itself. *See id*. at 125–26.[2] As federal officials, both Keith and Sullivan were plainly within the Court's Mandamus Act jurisdiction. So the only relevant question is whether the Court's use of the Mandamus Act against the Commission itself could support ACC's claim that the Mandamus Act confers jurisdiction over the Academy.

No one in *NAACP* seems to have questioned the Court's Mandamus Act jurisdiction over the Commission. But there are several reasons why the Mandamus Act would create jurisdiction over the Commission, which was a federal advisory committee subject to FACA. *Id*. at 137. First, all federal advisory committees must be under the "control and supervision" of an "Advisory Committee Management Officer" appointed by the relevant agency. 5 U.S.C. § 1007(b). A committee's "charter" must also be filed with either the Administrator of General Services or "the head of the agency to whom the advisory committee reports." *Id*. § 1008(c)(1). And a "designated officer or employee of the Federal Government" must "chair or attend" the committee's meetings. *Id*. § 1009.

The Court in *NAACP* held that the Commission violated several of these basic FACA requirements. Indeed, the government did not dispute that it had "violated FACA's oversight provisions by failing to file a charter" and "by failing to assign a designated federal officer to the Commission to ensure compliance with FACA." *NAACP*, 496 F. Supp. 3d at 143. If the Commission had been complying with those oversight provisions, the Court readily could have used the Mandamus Act to order the agency or the federal compliance officer to correct them. But because the Commission lacked a charter or a federal

[2] Keith's and Sullivan's positions at the Justice Department are described on the Commission's website. *See* https://www.justice.gov/archives/ag/presidential-commission-law-enforcement-and-administration-justice/commissioners.

compliance officer, the Court reached the practical conclusion that mandamus relief against the Commission itself was "appropriate." *Id.* at 145.

None of the circumstances that allowed relief against the Commission in *NAACP* is present here. To start, the Academy's formaldehyde committee is not a defendant—only the Academy is. That distinction thwarts ACC's analogy between *NAACP* and this case at a basic level. Even more fundamentally, and unlike the Commission in *NAACP*, neither the Academy nor any of its committees are federal advisory committees. 5 U.S.C. § 1001(2)(B)(ii); *see* 41 C.F.R. § 102-3.40(a) (noting that committees created by the Academy "are not covered" by FACA). As a result, the Academy does not have to file a charter with an agency or designate a federal compliance officer when it creates a committee. And far from being subject to "control and supervision" of an agency management officer, the Academy's committees are protected from "any actual management or control by an agency or officer of the Federal Government." 5 U.S.C. § 1014(a)(1).

In sum, the Court in *NAACP* issued mandamus relief against a federal advisory committee, at least in part because that committee had violated FACA's federal oversight requirements. 496 F. Supp. 3d at 143, 144–45. The Academy's committee is not a federal advisory committee and is not subject to FACA's federal oversight requirements. 5 U.S.C. §§ 1001(2)(B)(ii), 1014(a)(1). Thus, *NAACP* does not support an argument that the Mandamus Act can be used against the Academy or any of its committees.

**B. The idea that the Academy is a "quasi-public" entity has nothing to do with the Mandamus Act.**

ACC also argues that relief under the Mandamus Act is "available and appropriate" against the Academy because courts have labeled it a "quasi-public organization." ACC Resp. at 40. That means, as ACC sees it, that the Academy is "closely tied to" the federal government, allowing its committees to be treated differently than committees created by a "purely private" organization. ACC Resp. at 40–41 (quoting *Pub. Citizen v. U.S. Dep't of Justice*, 491 U.S. 440, 460–61 (1989)). Here too, though, the cases on which ACC relies do not support its claim to Mandamus Act jurisdiction over the Academy.

At the outset, ACC is wrong to question the Academy's private status. The Academy is a private, tax-exempt corporation that receives no government appropriations. Symmes Decl. ¶¶ 3–5. It prepared the formaldehyde study as a private recipient of a government contract, subject to all the rules that apply to any other federal contractor. *See id.* ¶ 12. That the Academy was originally chartered by Congress does not affect its private status.

Beyond that, the cases that called the Academy a "quasi-public organization" did so before Congress passed Section 15 of FACA. *See Public Citizen*. 491 U.S. at 462. The D.C. Circuit later explained that the phrase "quasi-public organization" had no "independent meaning." *Animal Legal Def. Fund v. Shalala*, 104 F.3d 424, 429 (D.C. Cir. 1997). It was just shorthand for "a set of qualities that the Court thought critical" to the applicability of FACA. *Id.* But the phrase factored into the D.C. Circuit's 1997 decision to hold that an Academy committee was subject to FACA. *Id.* at 430–31. That decision soon prompted Congress to amend FACA, excluding the Academy's committees from

the definition of federal advisory committee. *See* Pub. L. 105-153 § 2 (Dec. 17, 1997).

Given Congress's decision to overrule the D.C. Circuit's holding in *Animal Legal Defense Fund*, calling the Academy a "quasi-public organization" is not relevant here. Besides, the only meaning that phrase ever had related to FACA's applicability to the Academy. No case has ever suggested that the Academy could be sued as a federal officer, employee, or agency under the Mandamus Act. Nor has any case ever said that any other "quasi-public organization" qualified as a federal officer, employee, or agency that could be sued under the Mandamus Act. If ACC is nonetheless arguing that the Academy can be sued under the Mandamus Act as a "quasi-public organization," it explains neither how such a suit would fit with the text and history of the Mandamus Act, nor how it would square its argument with its concession that the Academy is a "private, nongovernmental institution," Am. Compl. ¶ 30.

### C. Dismissing ACC's claims against the Academy does not leave ACC without a potential remedy.

ACC's broader objection to the dismissal of its claims against the Academy is that it would be left without "any remedy, now or later." ACC Resp. at 1. This, ACC claims, would turn FACA Section 15 into a "dead letter." *Id*. In other words, ACC thinks that there must be some remedy for the Academy's alleged violations of Section 15, no matter what the Mandamus Act says. That reasoning goes against the law of remedies. "Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). If a statute does not contain such a private remedy, "a cause of action does not exist and courts may not create

one, no matter how desirable that might be as a policy matter . . . ." *Id.* at 286–87.

Here, ACC concedes that FACA does not contain a private cause of action. ACC Resp. at 39. But since "private rights of action to enforce federal law must be created by Congress," *Alexander*, 532 U.S. at 286, ACC must find another statutory source for a cause of action against the Academy. The only source it suggests is the Mandamus Act. Yet for all the reasons already discussed, the Mandamus Act does not permit a claim against the Academy. And for the reasons the Supreme Court explained in *Alexander v. Sandoval*, the Court cannot create a cause of action that the statute does not permit, even if it leaves ACC without a remedy against the Academy.

But the law does not leave ACC without a remedy. As EPA's response brief explains, the Administrative Procedure Act allows aggrieved parties to seek judicial review of final agency action. ECF 21-1, EPA Opp. to Plaintiff's Mtn. for Prelim. Injunction at 26–27; *see* 5 U.S.C. § 704 (subjecting "final agency action" to "judicial review"). ACC's problem is that its current arguments are no more than speculation. EPA has taken no final action that involves the Academy's formaldehyde report. If EPA ever does take such an action, ACC can challenge it then. ACC simply does not want to wait that long.

Nor does dismissing ACC's claims against the Academy create a "loophole" in FACA Section 15. ACC Resp. at 40. The Academy has policies and procedures designed to ensure its compliance with Section 15, and it follows them. Symmes Decl. ¶¶ 8–11. Those policies and procedures ensure the balance and public disclosure that Section 15 intends. *See id.* ¶¶ 24–26. But if the Academy ever fails to comply with Section 15, FACA prohibits agencies from using its

"advice or recommendations." 5 U.S.C. § 1014(a). And if an agency does so anyway, an aggrieved party can challenge any final agency action under the APA.

## III. ACC's motion for an injunction should be denied.

This brief is a reply in support of the Academy's motion to dismiss. But ACC spends most of its combined opposition-reply brief addressing its preliminary injunction motion, not the Academy's and EPA's motions to dismiss. *See* ACC Resp. at 3–32. It even goes so far as asking the Court to enter summary judgment in its favor. *See id*. at 30–31.

For all the reasons the Academy gave in its response to ACC's motion, ACC is not entitled to an injunction, much less summary judgment. *See* ECF 20, Academy's Opp. to ACC's Mtn. for a Prelim. Injunction at 16–30. Those reasons include the way that FACA Section 15 safeguards the Academy's independence by giving it broad discretion to "determine[]" when a committee is fairly balanced and to assess committee members' conflicts of interest. *See id*. at 17–22; 5 U.S.C. § 1014(b). They also include the Academy's straightforward compliance with Section 15's public disclosure requirements. *See* Academy's Opp. at 22 – 24; Symmes Decl. ¶¶ 21–27. And they include the Section 15 rules that allow the Academy to give "advice and recommendations" under a "funding agreement" with an agency. *See* Academy's Opp. at 24–26; 41 C.F.R. § 102-3.185(c).

That ACC's brief largely ignores these points does not make an injunction any more appropriate. To the contrary, by downplaying the relevant facts and legal requirements, ACC highlights the weaknesses in its merits arguments. ACC might have preferred that the Academy conduct a different study and

reach different conclusions, but it cannot show any violations of Section 15. So regardless of how the Court decides the Academy's motion to dismiss, it should deny ACC's preliminary injunction motion.

## CONCLUSION

ACC's claims against the Academy should be dismissed, and its motion for a preliminary injunction should be denied.

Dated: December 18, 2023

Respectfully submitted,

/s/ Jay C. Johnson
Michael C. Davis (D.C. Bar No. 485311)
Jay C. Johnson (D.C. Bar No. 487768)
VENABLE LLP
600 Massachusetts Ave., N.W.
Washington, DC 20001
Phone: 202-344-4545
Fax: 202-344-8300
mcdavis@venable.com
jcjohnson@venable.com

*Counsel for Defendant National Academy of Sciences*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2023, I caused a copy of the foregoing to be served on all counsel of record via the Court's CM/ECF system.

/s/ Jay C. Johnson
Jay C. Johnson